SARAH J. GAY *vs.* HARRY TOWER & another.

Norfolk.　March 9, 1899. — May 19, 1899.

Present: HOLMES, KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Trespass upon Land — Evidence.*

In an action of tort for breaking and entering the plaintiff's close, the issue being whether the defendant had a right of way over the plaintiff's land, either appurtenant to his own land or because the place was a public way by prescription, the plaintiff's counsel cannot ask the owner of adjacent land, over which persons would naturally pass in using the way, whether the defendant asked for permission to cross his land, if it does not clearly appear that the locus in question and the adjacent land were alike in relation to the uses previously made of them by their respective owners and by the public.

TORT, for breaking and entering the plaintiff's close in Weymouth and causing certain damage thereto. At the trial in the Superior Court, before *Dunbar*, J., the jury returned a verdict for the defendants; and the plaintiff alleged exceptions, which appear in the opinion.

*H. Kingman*, for the plaintiff.

*W. J. Coughlan & D. R. Coughlan*, for the defendants.

KNOWLTON, J. The issue being whether the defendants had a right of way over the plaintiff's land, either appurtenant to their own land or because the place was a public way by prescription, the plaintiff's counsel asked the owner of adjacent land, over which persons would naturally pass in using the way, whether any of the defendants asked for permission to cross his land. The question was excluded, and the plaintiff excepted. The witness would have answered in the affirmative.

If the question had related to permission to cross the plaintiff's land, it clearly would have been competent. The fact

offered in evidence would have shown that the use on the occasion referred to was permissive and not adverse. It also would have been in the nature of an admission by the defendants that they had no right of way there, either as owners of land or as of the public. Our decision must depend upon whether it appears by the bill of exceptions that the land of the witness, in reference to the existence of the alleged way, was in precisely the same relations to the defendants and the public as the land of the plaintiff. Perhaps it fairly may be inferred that, in reference to the use to which the alleged way was to be put by the defendants at the time of this controversy, the adjacent lots were alike; for the way over both led to a great pond to which the public might desire access, and the defendants were the owners of an island in the pond. But it does not appear that the two lots had previously been used and treated alike by their owners and by the public. It may be that the plaintiff's land had always been open and uncultivated, and had been used freely and frequently by the public under a claim of right; and it may be that the land of the witness had been so used and kept that persons desiring to cross it had warning that it could not be travelled over without the permission of the owner, and that when they used it they were accustomed first to obtain his permission. If this was so, the fact that one of the defendants asked permission to cross the land of the witness would have no tendency to show that the use of the plaintiff's land by the defendants, or by the public generally, was not adverse.

If nothing more appeared in regard to the lots than that the line of travel to the pond passed over both, there might be a probability that the public and the owners of the lots had treated them alike. But in order to sustain an exception to the exclusion of evidence in a case of this kind, the fact should be made distinctly to appear. The inquiry in regard to the adjacent land was collateral to the issue, which had reference to the plaintiff's land alone. Whether evidence should be admitted on this collateral issue depended upon facts to be considered by the presiding justice, which are not sufficiently stated to show that the exercise of his discretion was wrong. See *Bowditch* v. *Boston*, 164 Mass 107.

                                                  *Exceptions overruled.*